## ROBERT W. McRAE v. HIS CREDITORS.

Debts due for necessary supplies furnished to any farm or plantation, are privileged on the product of the last crop, and the crop at present in the ground.

A repairer of carts, wagons, &c., has no privilege upon the proceeds of the sale of *a plantation* on which they were used.

An overseer has no privilege on the crop of the year subsequent to his services, unless the crop was *in the ground.*

An engineer has no privilege by the Code, and a seizure gives him none. The creditor of an insolvent cannot litigate his demand for a privilege in a separate suit against the syndic. See cases cited.

The creditor cannot be allowed two privileges on the same thing, so as to draw a double dividend from two different funds. Workmen, and persons furnishing materials, have no privilege when their claim is over $500 and the agreement has not been reduced to writing and registered with the Recorder of Mortgages.

Novation does not take place unless by the terms of the agreement, or a full discharge of the original debt. *Vide* cases and articles cited.

The declarations of the parties to a public act cannot be contradicted by parol testimony introduced by the party who has made those declarations, unless upon allegation and proof of fraud, duress or error.

| | |
|---|---|
| 16 | 305 |
| 44 | 678 |
| 16 | 305 |
| 46 | 448 |
| 16 | 305 |
| 48 | 764 |
| 16 | 305 |
| 125 | 930 |

APPEAL from the District Court of the Parish of Point Coupee, *Farrar*, J. *Clarke & Bayne*, for syndic, appellee. *P. H. Farrar*, *P. A. Roy*, and *T. J. & W. H. Cooley*, for appellants and others.

BUCHANAN, J. This is an appeal from a judgment upon oppositions to a tableau of distribution.

I. McKleroy & Bradford, appellants, object to the allowance of a privilege to Louis Fabre, on the crop of 1857, for barrels furnished and made to contain molasses.

The privilege is claimed under the amendment to the first paragraph of the article 3184 of the Civil Code (Phillips' Rev. Stat. 80), which reads as follows: "Debts due for necessary supplies furnished to any farm or plantation, are privileged on the product of the last crop, and the crop at present in the ground."

The privilege appears to have been properly allowed.

II. The same remarks apply to the claim of Thomas Claycomb. The supply being provided, and being not unreasonable, the presumption was in favor of the claimant; and the burden of proof that they were not used was on the opponent.

III. John Donner repaired carts, wagons, &c. He is allowed a privilege *on the proceeds of the sale of the plantation.* We have been referred to no law granting such a privilege. *Gayarré* v. *Trennard*, 9 An. 254.

IV. Newsom has judgment with privilege on the crop of 1858, for the hire of slaves in 1857. This should be reversed, under the decision of this Court in 12 An. 483.

V. T. C. Dial has judgment, with privilege on the crop of 1858, for overseer's wages on the plantation of the insolvent in the year 1857. Under the expressions of the article 3184 of the Code, as interpreted by us in the cases in 12th and 13th Annual, Mr. Dial is not entitled to the privilege. His year of service as overseer expired on the 1st January, 1858. At that time, the crop of 1858 was not *in the ground.*

VI. G. A. Garron, engineer, has been allowed privilege for sixty dollars for his wages, upon two hogsheads of sugar. He has no privilege arising from the nature of his claim, and the seizure which he caused to be made

39

McRAE
v.
CREDITORS.

gave him no privilege, for the reasons stated in *Tenny* v. *Provosty*, 14 Annual, 221.

VII. Thompson, Hieronymus & Co. sold the insolvent a lot of mules for $3,580 in August, 1857. These mules have been sold separately by the syndic, and their proceeds ($1,416) have been allotted to T., H. & Co. under the privilege of vendors. For the balance of the price, the claimants have been allowed the privilege of "necessary supplies" upon the crop of 1858. Of this allowance, the appellants complain, and we think, with reason. The creditor cannot be allowed two privileges on the same thing, so as to draw a double dividend from two different funds. The separate sale at his instance, and his appropriation of the price, exhausted his privilege. Besides, these mules were sold in 1857, and gave no privilege by law upon the crop of 1858; supposing them to be supplies under the article 3184.

VIII. Henry Tenny claims $952 for timber furnished and labor done on the sugar-house of R. W. McRae. But he has no privilege for this work, which exceeded $500, inasmuch as his contract was not reduced to writing, nor registered. C. C. 2746, 3239.

IX. Ward & Co. sold lumber to McRae in October and November 1857, to the amount of $363 79, which was used in repairing the sugar-house of the insolvent. They oppose the tableau, and ask a privilege upon the sugar-house, which has been granted them. C. C. 2743, *et seq;* 3239, 3216. Prescription of Ward & Co.'s privilege interrupted by the stay of proceedings of McRae, and the privilege was properly allowed.

X. G. B. Miller sold lumber to McRae the insolvent in 1857, which was used for repairing buildings and making coolers. The coolers are a part of the building (a sugar-house). Privilege was properly allowed for the portion of this claim which was not prescribed by the lapse of six months from date of supplies.

XI. It is contended by appellants, that Brady, Gorman & Co., appellees, were incorrectly ranked by the judgment of the District Court as creditors, by judgment, of the insolvent. They urge that this judgment was novated by certain drafts, of about an equal amount, drawn by the insolvent on Brady, Gorman & Co., which were negotiated, and, at maturity, taken up and paid, by the latter. The evidence of this alleged novation is supposed to be found in the following letter:

"NEW ORLEANS, *June* 11, 1856.

"*R. W. McRae*, Point Coupee:

"Dear Sir,—We will thank you to sign the enclosed drafts on us for $13,000, at seven and nine months date. We wish to negotiate them, and reimburse ourselves as far as they go, for moneys advanced on your account. This course you supported when our Mr. Brady last saw you, and as it will not in any manner increase your liability to us, as the proceeds will be credited to your account, we will ask you to forward them to us immediately. Very respectfully, yours,

"*Brady, Gorman & Co.*"

We do not perceive, in the expressions of this letter, such distinct acknowledgment or admission that the drafts in question were to be taken by the writers in payment and discharge of their judgment against their correspondent, as was held in *Gails* v. *Schooner Osceola*, 14 An. 55, to be the test and criterion of a novation. See also the cases at pages 93, 361, and 484 of the same volume; and articles 2181 to 2186 of the Civil Code.

XII. A. Miltenberger & Co., appellants, complain of the allowance by the District Court of a subrogation in favor of Colin F. McRae to a mortgage held by Zenon Porche upon the Crescent Park plantation and the Glen Mary plantation. From the record it appears, that in the act of mortgage in favor of Porche, both Robert W. McRae, the insolvent, and Colin F. McRae, bound themselves to pay the debt, and declared that to secure its payment, the Crescent Park plantation and slaves were the first mortgaged, the Glen Mary plantation and slaves being also mortgaged *as a further security*.

Parol evidence was offered and received to contradict the authentic act, and to show that the mortgage of the Crescent Park was auxiliary to that of the Glen Mary.

An exception was reserved to the admission of this evidence.

The court erred. The declarations of the parties to a public act cannot be thus contradicted by the very party who has made the declarations, unless upon allegation and proof of fraud, duress, or error. C. C. 2256.

R. W. & C. F. McRae owned the Crescent Park plantation as partners at the time of the mortgage to Porche. R. W. McRae subsequently sold his share to C. F. McRae, stipulating that the latter would assume the payment of all the claims against that property sold. Zenon Porche's mortgage was the first recorded claim bearing upon that property. It was therefore assumed to be paid and satisfied by C. F. McRae individually; and if his brother had been compelled to pay it or any part of it, he would have had a clear right to indemnification from C. F. McRae, under the stipulation in the sale contained.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, allowing a privilege to John Donner, to —— Newsom, to T. C. Dial, to G. A. Garron and to Henry Tenny, be reversed, and that those parties be respectively classed as ordinary creditors for the amount of their several claims; that the allowance by the District Court to Thompson, Hieronymous & Co. of the privilege for "necessary supplies" for the balance remaining due them after exhausting the proceeds of the mules by them sold to insolvent, be also reversed, and that, for such balance, the said Thompson, Hieronymous & Co. be classed as ordinary creditors; that the allowance, by the judgment appealed from, of a subrogation in favor of Colin F. McRae to the mortgage of Zenon Porche upon the land and slaves of insolvent, be also reversed, and that the claim of said Colin F. McRae against this insolvent estate, by reason of the satisfaction of the Porche mortgage, be disallowed and rejected; that in all other respects the judgment appealed from be affirmed, and that the tableau of distribution filed by the syndic be homologated and confirmed, as amended by the present decree; and lastly, that the costs of this appeal be paid by the parties cast upon the appeal.

MERRICK, C. J., recused himself.

VOORHIES, J., absent.